UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| MUHAMMAD SAYEEDUR RAHMAN, | ) ) ) | Civil Action No. 3: 10-33-DCR |
| Plaintiff, | ) ) | |
| V. | ) ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF KENTUCKY FINANCE CABINET, | ) ) ) | **AND ORDER** |
| Defendant. | ) ) | |

***** ***** *****

This matter is pending for consideration of Defendant Commonwealth of Kentucky Finance and Administration Cabinet's ("Finance Cabinet") motion to dismiss Plaintiff Muhammad Sayeedur Rahman's ("Rahman") Complaint [Record No. 10]. The Finance Cabinet seeks dismissal on two grounds. First, it asserts that, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, it has not been properly served with the Complaint and Summons. Second, it contends that the Complaint fails to state a claim upon which relief may be granted. Thus, it argues dismissal is also mandated under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Because Rahman has been given adequate opportunity to complete service of process but has failed to do so, the Court will grant the Finance Cabinet's motion and dismiss this matter, without prejudice.

**I.**

Rahman has been employed by the Finance Cabinet since September 11, 2001. He was born in Bangladesh and claims that he has been denied promotions due to his racial and ethnic background, age, color, and religion. He also asserts that he has been called denigrating names but that his employer has failed to take action. Instead, he contends that he was given a false reprimand to prevent actions being taken with the Equal Employment Opportunity Commission ("EEOC").[1] [Record No. 2]

Rahman filed his *pro se* Complaint on May 18, 2010. [Record No. 2] On June 3, 2010, the Court denied his motion for appointment of counsel. [Record No. 4] In relevant part, the Court explained that such appointment was not appropriate under the circumstances presented. Following the denial of the plaintiff's motion for appointment of counsel, no action was taken for over three months. As a result, on September 23, 2010, the Court gave Rahman twenty days to demonstrate why his Complaint should not be dismissed for failure to complete service of process in accordance with Rule 4(m) of the Federal Rules of Civil Procedure. [Record No. 5] Rahman responded on October 8, 2010, indicating that he was looking to the Court for advice regarding how to proceed. He further stated that he was concerned that his actions would result in the termination of his employment. In relevant part, he asserted that:

---

[1] According to the allegations contained in Rahman's Complaint, he actually filed three charges of discrimination with the EEOC during the period 2007 through 2009: EEOC Charge Nos. 474-2007-00693, 474-2008-00826, and 474-2009-00600.

> I didn't know that I have to serve on my own the defendant and now I am requesting court to continue this case and give me advice or direction. Before I serve to defendant I am requesting the court to protect my job from retaliation from my management by issuing an order as previously after filing EEOC complaint in December 15, 2006, with our Finance Cabinet for my previous EEOC investigation. I got a false reprimand on February 16, 2007, and my evaluations were manipulated by our management.

[Record No. 6]

By Order dated October 13, 2010, the Court explained that it could not provide legal advice to parties, even those proceeding *pro se*. Additionally, the Court denied Rahman's request for preliminary injunctive relief, in part, because the defendant has not been properly served with process. [Record No. 7] However, Rahman was given an additional thirty days to complete service over the defendant. The Court noted that the failure to do so would result in dismissal of the action.

On November 8, 2010, the plaintiff attempted to serve the Finance Cabinet by personally serving Traci Walker, an employee of the Finance Cabinet's Office of General Counsel. [Record No. 9] Following this attempted service of process, the Finance Cabinet filed its motion to dismiss. [Record No. 10] Rahman responded to the Finance Cabinet's motion on December 10, 2010. Having reviewed these materials, the Court concludes that a reply is not needed to properly address the pending motion.

## II.

As previously noted, the Finance Cabinet has moved the Court to dismiss Rahman's Complaint for two reasons. First, it asserts that it has not been properly served with a copy of the Complaint and Summons within the time permitted by the Federal Rules of Civil

Procedure. In this regard, it points out that the attempted service on Traci Walker does not constitute proper, timely service. Next, it contends that Rahman's Complaint is deficient because it fails to properly allege a cause of action under the standards set out in Rule 12(b)(6) of the Federal Rules of Civil Procedure or under the Supreme Court's recent holdings in *Bell Atlantic Corp. v Twonbly*, 550 U.S. 544 (2007) ("factual allegations must be enough to raise a right to relief above the speculative level"), and *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (to overcome dismissal under Rule 12(b)(6) for failure to state a claim, a court must be able to infer more than a "mere possibility of misconduct"; the plaintiff must show, not simply allege, that he is entitled to relief). According to the Finance Cabinet, Rahman's allegations that he: (i) was denied job promotions; (ii) is a member of several protected classes; (iii) has been called denigrating names; and (iv) has been subjected to a hostile work environment due to his filing EEOC charges, is lacking in specificity under the analysis set out in *Twombly* and *Iqbal*. However, because Rahman has failed to properly serve the Finance Cabinet, the Court need not address the sufficiency of the plaintiff's *pro se* allegations.

As pointed out in its motion to dismiss, the Finance Cabinet is an agency within the Executive Branch of the Commonwealth of Kentucky. Kentucky Revised Statutes ("KRS") §12.250. To properly serve this agency, a party must comply with Rule 4(j)(2) of the Federal Rules of Civil Procedure. This rule provides that:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to service must be served by:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
>
> (B) serving a copy of each in the manner prescribed by the state's law for serving a summons or like process on such defendant.

Rule 4(j)(2), Fed. R. Civ. P.

Because the Secretary of the Finance Cabinet serves as the cabinet's chairperson, the secretary acts as its chief executive officer and can receive service under this provision. Likewise, service of process can be accomplished by serving the Kentucky Attorney General or any assistant attorney general under the corresponding state rule. *See* Rule 4.04(6), Ky. R. Civ. P. Here, however, Rahman did not attempt service under either applicable state or federal rule. Instead, he delivered a copy of his Complaint and Summons upon Traci Walker, an Administrative Specialist III employed by the Office of Legal Services for Finance and Technology in the Finance Cabinet's Office of General Counsel. [*See* Record No. 10; attached Affidavit of Traci Walker.]

In his response to the motion to dismiss, Rahman contends that, as a layman, he is unfamiliar with the rules governing service of process. [*See* Record No. 13, p. 1] While this claim is undoubtedly true, it does not excuse his failure. As the United States District Court for the Southern District of Ohio noted in *Sayyah v. Brown County Board of Commissioners*, 2005 U.S. Dist. LEXIS 15226 (S.D. Ohio, April 29, 2005):

> *pro se* status does not relieve [plaintiffs] of their obligation to properly effect service of summons and complaint as required by the Federal Rules of Civil Procedure. Their *pro se* status, moreover, does not relieve them of their duty to adhere to readily understandable time deadlines of which they are aware including Rule 4(m)'s 120-day time limit. *Jourdan v. Jabe*, 951 F.2d 108, 110

(6th Cir. 1991). The significance, moreover, of proper service of summons and Complaint cannot be minimized: "Unless a named defendant agrees to waive service, the summons continues to be the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 351, 143 L.Ed. 2d 448, 119 S.Ct. 1322 (1999) (original italics). Absent either waiver or proper service of process, this Court does not have personal jurisdiction over the named defendant. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1156 (6th Cir. 1991) (and cases cited therein). Plaintiff bears the burden of exercising due diligence in perfecting service of process and showing that proper service has been made. *See Byrd v. Stone*, 94 F.3d 217, 219-20 (6th Cir. 1996); *Jacobs v. University of Cincinnati*, 189 F.R.D. 510, 511 (S.D. Ohio 1999); *Campbell v. United States*, 496 F. Supp. 36, 39 (E.D. Tenn. 1980).

*Sayyah*, at *7-*8. Here, the Court has given the plaintiff extensions of time to complete service of process and demonstrate that he has done so correctly. However, the plaintiff has failed to serve the defendant correctly or in a timely manner. As a result, dismissal is appropriate pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure.

### III.

This case highlights the perils of proceeding without the benefit of counsel. Although Courts are reluctant to dismiss *pro se* complaints, the rules of procedure apply to all parties and all must comply. Here, the dismissal will be on procedural grounds rather than on the merits. Accordingly, it is hereby

**ORDERED** that Defendant Commonwealth of Kentucky Finance Cabinet's motion to dismiss [Record No. 10] is **GRANTED**. Plaintiff Muhammad Sayeedur Rahman's Complaint is **DISMISSED**, without prejudice, pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure, and **STRICKEN** from the Court's docket.

This 21st day of December, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge